UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LESLIE ROMERO,<br><br>             Plaintiff,<br><br>  vs.<br><br>WOUNDED KNEE, LLC d/b/a SIOUX-PREME WOOD PRODUCTS, a South Dakota limited liability company; and WOUNDED KNEE COMMUNITY DEVELOPMENT CORPORATION, a South Dakota corporation,<br><br>             Defendants. | CIV. 16-5024-JLV<br><br><br>ORDER |

## INTRODUCTION

Plaintiff Leslie Romero initiated this action against defendants Wounded Knee LLC ("WK LLC"), Wounded Knee Community Development Corporation ("WKCDC") and Mark St. Pierre. (Docket 1). Upon plaintiff's motion, the court dismissed Mr. St. Pierre. (Docket 31). WK LLC has not formally appeared in the case. WKCDC retained counsel and appeared. (Docket 32).

Plaintiff claims she was sexually assaulted and harassed while employed by defendants. (Docket 1). She alleges torts and violations of Title VII of the Civil Rights Act of 1964 and the South Dakota Human Relations Act of 1972. Id.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendants failed to file answers to plaintiff's complaint, so the clerk entered default against them. (Docket 14). Plaintiff filed a motion for default judgment, and the court entered an order finding she was entitled to default judgment. (Docket 27). The court later acknowledged it will not enter final judgment in plaintiff's favor until the court makes findings regarding the specific claims in the complaint on which it would enter judgment and the appropriate amount of damages supported by evidence. (Docket 39). While the court granted plaintiff's motion for default judgment, a final judgment has not been entered in this case.

To prevent an adverse final judgment, WKCDC raised the issues of tribal court exhaustion and tribal sovereign immunity in a motion to set aside default judgment. (Dockets 41 & 42). Plaintiff filed a response requesting more time to conduct discovery on those issues. (Docket 50). The court informally communicated with the parties about a discovery timeline and entered a scheduling order requiring the parties to participate in discovery on the issues of tribal court exhaustion and tribal sovereign immunity. (Docket 54). The order stated:

> On or before **February 14, 2018,** the parties shall complete all discovery regarding tribal sovereign immunity and tribal court exhaustion issues.
>
> On or before **March 16, 2018,** WKCDC shall file a brief regarding tribal sovereign immunity and tribal court exhaustion.
>
> On or before **April 6, 2018,** plaintiff shall file a response brief.

On or before **April 20, 2018,** WKCDC shall file its reply.

Id. at p. 2 (emphasis in original).

On January 3, 2018, WKCDC filed a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction claiming the defense of tribal sovereign immunity. (Docket 55). WKCDC alleges its connection with the Oglala Sioux Tribe provides WKCDC with tribal sovereign immunity. Id. The court entered an order holding that motion in abeyance pursuant to the scheduling order. (Docket 57).

Plaintiff then filed a motion seeking an order granting various forms of relief: imposing sanctions on WKCDC; holding WKCDC in contempt; striking pleadings; deeming requests for admissions admitted; and scheduling a damages hearing. (Dockets 58 & 59). Plaintiff's memorandum, supported by an affidavit from Sara Frankenstein, plaintiff's counsel, details WKCDC's violations of the court's order. (Docket 59 at pp. 1-8); (Docket 60). WKCDC failed to respond to "Plaintiff's Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant [WKCDC]." (Docket 60 at p. 3). Ms. Frankenstein hand-delivered this discovery request to WKCDC's counsel, Deborah Dubray, on November 17, 2017, and responses were due December 18, 2017. Ms. Frankenstein e-mailed Ms. Dubray about the overdue responses on December 19, 2017. Id.

During the next two weeks, Ms. Frankenstein attempted to schedule a meet and confer with Ms. Dubray on the late discovery. Id. at pp. 3-4. They scheduled a meet and confer call for January 3, 2018, but on the morning of

January 3, Ms. Dubray sent an e-mail to Ms. Frankenstein cancelling the call and indicating she would file a Rule 12(b)(1) motion to dismiss, which Ms. Dubray did that day.  Id. at p. 4.

On January 4 and 8, 2018, Ms. Frankenstein e-mailed Ms. Dubray about arranging a meet and confer, but Ms. Dubray did not respond.  Id.  Ms. Frankenstein spoke with Ms. Dubray on the phone on January 9, 2018, about discovery and Ms. Dubray asserted the case was held in abeyance.  Id. at p. 5.  Ms. Dubray stated she had to end their phone call and would call Ms. Frankenstein back, but she did not.  Id.  When Ms. Dubray did not call back, Ms. Frankenstein e-mailed Ms. Dubray about continuing with discovery.  Id.  The next day, January 10, 2018, Ms. Dubray's verbatim response was: "WKCDC legal position is that WKCDC is immune from your lawsuit and I see no purpose in conferring with you on this issue.  WKCDC will not be responding to your discovery request due to their immunity status and pending Motion to Dismiss."  Id. at p. 6.

WKCDC failed to file a timely response to plaintiff's motion on contempt and sanctions, so the court ordered WKCDC to respond and it did.  (Dockets 61 & 62).  Based on plaintiff's motion regarding contempt and sanctions, the court entered a show cause order directing authorized representatives of WKCDC and its counsel of record Deborah Dubray to appear in person and show cause why they should not be held in contempt of court and to address what, if any, sanction should be imposed on either or both of them.  (Docket 69).

4

The show causing hearing occurred on May 24, 2018. (Docket 70). When the court asked Ms. Dubray why she did not respond to interrogatories or otherwise participate in discovery, she stated, "[t]he reason why I didn't respond simply was honestly an oversight of mine. This case was never on the front burner for me because it doesn't belong in this court." (Docket 74 at p. 9). The court inquired whether WKCDC directed Ms. Dubray to write the e-mail refusing to engage in discovery, and she indicated, "[n]o, they didn't tell me to write the e-mail, no." Id. at p. 16. Ms. Dubray claimed her failure to carry out discovery was based on a lack of in-depth knowledge of the Federal Rules of Civil Procedure. Id. at pp. 17-18.

The court explained the potentially applicable sanctions in Rule 37 of the Federal Rules of Civil Procedure and asked Ms. Dubray to provide an explanation of why her actions were "substantially justified or other circumstances [that] make an award of expenses unjust." Id. at pp. 20-21. When the court inquired, "Do you have anything else to say with regard to justification?", Ms. Dubray answered, "[n]o, not with justification[.]" Id. at p. 21. The court offered her another opportunity to explain and she responded, "I have nothing further to say, Your Honor." Id. at p. 22. In answering a question from Ms. Dubray, the court clarified that "sanctions at this point are, if [imposed], are going to be imposed on you[,]" to which Ms. Dubray stated, "I understand that. I am not saying that [WKCDC is] going to have to pay. I know I have to pay." Id. at p. 29.

Before concluding the show cause hearing, the court ordered plaintiff's counsel to file affidavits regarding attorney's fees. The court also ordered the parties to submit simultaneous briefing on the applicability of tribal court exhaustion to the case.

**ANALYSIS**

Rule 37(b)(2) governs sanctions imposed for failing to obey a discovery order. The Rule provides:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> (B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the

6

> disobedient party shows that it cannot produce the other person.
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

Sanctions under Rule 37(b)(2) require "an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999). Rule 37(b)(2) requires "that the sanction be just and relate to the claim at issue in the order to provide discovery." Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (internal quotation marks omitted); see Perfetti Van Melle USA, Inc. v. Midwest Processing, LLC, No. 4:15-CV-04093, 2015 WL 4068092, at *5-6 (D.S.D. July 2, 2015).

"A party's failure to provide complete information in discovery following a court's order directing such production supports the imposition of Rule 37 sanctions. In addition, an evasive or incomplete disclosure, answer, or response is construed as a failure to respond." Murphy by Murphy v. Piper, No. CV 16-2623, 2018 WL 2278107, at *3 (D. Minn. May 18, 2018) (internal citation and quotation marks omitted). "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case. Indeed, an appellate court has upheld civil contempt sanctions as high as $500,000, plus a supplemental damage award of

7

$507,779, as a sanction for a conscious and willful decision to withhold information a court ordered to be disclosed." Perfetti, 2015 WL 4068092, at *5 (citing SynQor, Inc. v. Artesyn Techs., Inc., 709 F.3d 1365, 1386 (Fed. Cir. 2013)).

The court finds sanctioning Ms. Dubray is proper under Rule 37(b)(2). The court ordered the parties to participate in discovery on the issues of tribal court exhaustion and tribal sovereign immunity. (Docket 54). WKCDC, through Ms. Dubray, willfully violated the order by refusing to engage in discovery. (Docket 60). Plaintiff suffered prejudice because Ms. Dubray's conduct has unnecessarily prolonged the case, delayed the hearing plaintiff needs before the court enters final judgment, and forced expenditures on the part of plaintiff. See Chrysler Corp., 186 F.3d at 1019. Ms. Dubray's statements at the show cause hearing indicate she does not contest the Rule 37(b)(2) sanctions. (Docket 74 at pp. 17-29). Ms. Dubray must "pay the reasonable expenses, including attorney's fees, caused by the failure" to participate in discovery. Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff seeks a total of $15,288.07 in attorney's fees, including sales tax, for Ms. Dubray's failure to comply with the court's discovery order. (Docket 71). The figure encompasses 62.3 hours of work done by three attorneys—Ms. Frankenstein, Rebecca Mann and Katelyn Cook—and Teri Farland, a paralegal. Id. Ms. Frankenstein billed her time at $250 per hour, Ms. Mann billed at $225, Ms. Cook at $200 and Ms. Farland at $100. Id. Ms. Dubray argues the sum plaintiff seeks in not reasonable. (Docket 76). Ms.

8

Dubray claims the hours plaintiff's counsel worked are greater than what was necessary.  Id.

The court finds the hourly rates of plaintiff's legal team are reasonable, but the total number of hours worked is not compensable under Rule 37. Plaintiff seeks recovery for Ms. Frankenstein's 12.6 hours and $3,150 documented prior to Ms. Dubray stating she would not participate in discovery. (Docket 71-1 at pp. 1-2).  Plaintiff asserts, "had WKCDC made clear from the outset that it would not comply with any discovery, Plaintiff would not have spent time drafting discovery requests and therefore would not have incurred such expenses in the first place." (Docket 71 at p. 3).  But those expenses were not "caused by the failure" of Ms. Dubray to engage in discovery; they preceded noncompliance.  Fed. R. Civ. P. 37(b)(2)(C).

Similarly, not all of the time spent preparing the opposition to WKCDC's Rule 12(b)(1) motion is compensable.  Although that time is related to Ms. Dubray's refusal to comply with the court's scheduling order and partly caused by the conduct of Ms. Dubray, it is also caused by the court's order for plaintiff to submit a response.  (Dockets 54 & 64).  Consequently, the 11.3 hours Ms. Frankenstein billed, totaling $2,825, must be reduced by half to $1,412.50.

The court subtracts the $3,150 and $1,412.50 detailed above from $14,355, the total fees plaintiff claims.  That results in $9,792.50 of fees.  A sales tax of 6.5% puts the final figure at $10,429.01.  Under Rule 37(b)(2), the court finds Ms. Dubray must pay $10,429.01 to plaintiff in attorney's fees and expenses.

9

"Although an award of costs is calculated primarily to reimburse rather than to punish, the court is free to consider the value such an order may have as a deterrent, both in the case before it and in other litigation." Indus. Aircraft Lodge 707 v. United Techs. Corp., 104 F.R.D. 471, 473 (D. Conn. 1985) (Cabranes, J.). "A delay in the execution of a Rule 37 sanctions order will also decrease its deterrence value. A sanction is most effective as a deterrent if it follows closely on the heels of the offending conduct." Id. "A trial court has considerable discretion in determining which of the available discovery sanctions is most appropriate in a particular situation. This discretion surely includes the power to determine *when* an award of costs imposed as a discovery sanction shall be paid." Id. (emphasis in original). "[I]f a sanctioned party could unilaterally refuse to pay until after the merits of the case were finally resolved, the deterrent and cost-shifting policies [of Rule 37] would be eroded or eliminated." Huizinga v. Genzink Steel Supply & Welding Co., No. 1:10-CV-223, 2012 WL 13018642, at *1 (W.D. Mich. June 12, 2012); see Li Rong Gao v. Perfect Team Corp., No. 10-CV-1637, 2014 WL 2465589, at *5-6 (E.D.N.Y. May 30, 2014) (citing Aircraft Lodge in refusing to delay the effect of a sanctions order).

This holds true even if it is later determined the court lacked subject matter jurisdiction. See Zerger & Mauer LLP v. City of Greenwood, 751 F.3d 928, 930-31 (8th Cir. 2014) (stating Rule 11 sanctions may be upheld "against a party and his attorney, even though the court of appeals later determined that the district court lacked subject-matter jurisdiction[.]"); River City Capital,

10

L.P. v. Bd. of Cty. Comm'rs, Clermont Cty., Ohio, 491 F.3d 301, 309-10 (6th Cir. 2007) (applying this principle for Rule 37 sanctions).

**ORDER**

Based on the analysis above, it is

ORDERED that plaintiff's motion for Rule 37 sanctions (Docket 58) is granted in part. This order does not resolve any other aspect of the motion.

IT IS FURTHER ORDERED that Deborah Dubray shall pay plaintiff Leslie Romero $10,429.01 in attorney's fees and expenses within 45 days of this order.

Dated August 30, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE